## Commonwealth v. Snyder

*Gerald R. Solomon,* for the commonwealth.
*Alphonse P. Lepore,* for defendant.

ADAMS, *J.,* March 11, 1986 —The matter before the court is a habeas corpus petition by defendant to dismiss the charge of operating a motor vehicle while the operating privileges of defendant had been revoked for a driving under the influence related charge.

The facts in this case are stipulated to by defendant and the commonwealth. On January 5, 1982, defendant was convicted of driving while under the influence of alcohol. As a result of the conviction, his operating privileges were revoked for two years. The effective date of the suspension was deferred until October 1, 1986, due to previous existing revocations extending up to and including October 1, 1986.

A complaint was filed on the present charge on June 19, 1985, after the date of the suspension for the DUI charge, but prior to October 1, 1986, the date when the suspension was to be operative for the DUI offense.

Defendant maintains that since the DUI suspension was deferred, he was not in fact operating a motor vehicle during a period of suspension that was DUI-related but was operating a motor vehicle during a suspension that was not DUI-related. The court rejects the contention.

The Vehicle Code provides:

"Any person who drives a motor vehicle on any highway or trafficway of this commonwealth at a time when their operating privileges are suspended or revoked . . . because of a violation of section 1547(b)(1) . . . or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment of not less than 90 days." 75 Pa.C.S. §1543(b).

If a person operates a vehicle while his license has been suspended under this section, that constitutes the offense, and in this court's judgment it is immaterial that the effective date of the suspension has been deferred because of other suspensions resulting from a violation of the Vehicle Code.